1 | MALCOLM A. HEINICKE (State Bar No. 194174)
*malcolm.heinicke@mto.com*
2 | MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
3 | San Francisco, California 94105-2907
Telephone: (415) 512-4000
4 | Facsimile: (415) 512-4077

5 | MARGARET G. MARASCHINO (State Bar No. 267034)
*margaret.maraschino@mto.com*
6 | ELIZABETH R. DYER (State Bar No. 294694)
*elizabeth.dyer@mto.com*
7 | 350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
8 | Telephone: (213) 683-9100
Fax: (213) 687-3702

Attorneys for Defendants NOVARTIS PHARMACEUTICALS CORPORATION AND NOVARTIS CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| GLENN MOORE,<br><br>  Plaintiff,<br><br>  vs.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION, NOVARTIS CORPORATION, and DOES 1 through 10, inclusive,,<br><br>  Defendants. | Case No. 2:20-cv-01405-JAM-DB<br><br>Assigned to: Hon. John A. Mendez<br><br>**STIPULATION AND REQUEST TO SET ASIDE DEFAULTS AGAINST DEFENDANTS AND TO ACCEPT SERVICE OF COMPLAINT**<br><br>Action Filed: July 13, 2020 |

1    Plaintiff Glenn Moore ("Plaintiff") and Defendants Novartis Pharmaceuticals Corporation
2 and Novartis Cooperation ("Defendants") (collectively, the "Parties"), by and through their
3 counsel of record, hereby stipulate as follows:
4    1.   Plaintiff filed a Complaint against Defendants on July 13, 2020 (Dkt. 1).
5    2.   On July 21, 2020, Plaintiff filed two Proofs of Service indicating that Plaintiff had
6 served Defendants with the Summons and Complaint on July 17, 2020 (Dkt. 8 and 9).
7    3.   On August 10, 2020, Plaintiff filed Requests for Entry of Default against
8 Defendants (Dkt. 10 and 11).
9    4.   On August 11, 2020, the Clerk entered default against Defendants (Dkt. 12 and 13).
10   5.   Upon learning of the entered defaults against Defendants, Defendants' undersigned
11 counsel contacted Plaintiff's counsel on August 27, 2020, and advised that it is Defendants'
12 intention to file a response to Plaintiff's Complaint.  Defendants' counsel further requested that
13 Plaintiff agree to stipulate to vacate the Clerk's entries of default against Defendants.[1]
14   6.   Defendants submit that, assuming service was properly effectuated, they did not
15 respond to the Complaint in a timely manner because Defendants were unaware that they had been
16 properly served with the Complaint.  Over the past few months, Defendants' offices have largely
17 been closed due to the COVID-19 global pandemic, and consequently, Defendants have been
18 limited in their ability and capacity to accept service of process.  In addition, Defendants contend
19 that there may have been issues with the validity of the service, but they agree not to contest these
20 points if this stipulated order is granted.
21   7.   Pursuant to Defendants' counsel's request, Plaintiff agreed to stipulate to an order
22 vacating the Clerk's entries of default and not to seek a default judgment; and Defendants, through
23 their counsel, agreed to accept service of the Complaint.

---

[1] Defendants are still reviewing the complaint and associated allegations, and do not concede that either of them or both of them are proper defendants to this action, but they do agree to respond to the complaint and present any such argument in the course of the litigation after meeting and conferring with opposing counsel.

-2-    Case No. 2:20-cv-01405-JAM-DB
[PROPOSED] ORDER GRANTING STIPULATION AND REQUEST TO SET
ASIDE DEFAULTS AGAINST DEFENDANTS

8. The Parties have further agreed that Defendants' counsel will enter an appearance on behalf of Defendants upon receipt of the Court's order setting aside the defaults and will file a response to the Complaint on Defendants' behalf within twenty-one days of the Court's order.

9. Thus, pursuant to Fed. R. Civ. P. 55(c) and for good cause appearing, Defendants hereby respectfully and without opposition request that the Court enter an order setting aside the defaults against Defendants and permitting Defendants to file a response to the Complaint within twenty-one days of the Court's order.

DATED: September 3, 2020    ROBERT LUCAS LAW PC

By: /s/ Robert W. Lucas (as authorized on 9/3/2020)
    ROBERT W. LUCAS
Attorneys for GLENN MOORE

DATED: September 3, 2020    MUNGER, TOLLES & OLSON LLP
                            MALCOLM A. HEINICKE
                            MARAGARET G. MARASCHINO
                            ELIZABETH R. DYER

By: /s/ Malcolm A. Heinicke
    MALCOLM A. HEINICKE
Attorneys for NOVARTIS PHARMACEUTICALS CORPORATION AND NOVARTIS CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| GLENN MOORE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION, NOVARTIS CORPORATION, and DOES 1 through 10, inclusive,,<br><br>　　　　Defendants. | Case No. 2:20-cv-01405-JAM-DB<br><br>Assigned to: Hon. John A. Mendez<br><br>**ORDER GRANTING STIPULATION AND REQUEST TO SET ASIDE DEFAULTS AGAINST DEFENDANTS**<br><br>Action Filed: July 13, 2020 |

Pursuant to Fed. R. Civ. P. 55(c) and for good cause shown, it is hereby ordered that the defaults against Defendants Novartis Pharmaceuticals Corporation and Novartis Cooperation ("Defendants") be set aside, and that Defendants may file a response to Plaintiff's Complaint within twenty-one (21) days of this Order.

DATED:   September 3, 2020　　　　　　　　　/s/ John A. Mendez_____
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge